Mohammed AL–SAFIN,
Plaintiff—Appellee,

v.

CIRCUIT CITY STORES, INC.,
a Virginia corporation, Defendant—Appellant.

No. 00–35241.

D.C. No. CV–99–01953–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided Sept. 9, 2002.

---

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

Circuit City Stores, Inc. appeals the denial of its motion to compel arbitration and dismiss Mohammed Al–Safin's employment discrimination lawsuit. We have jurisdiction over this interlocutory appeal of the district court's order "denying a petition ... to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). The district court relied on *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir.1998), to hold that the compulsory arbitration contract was unenforceable. In *EEOC v. Luce,* No. 00–57222, —— F.3d ——, 2002 WL 2004340 (9th Cir. Sep. 3, 2002), we held that *Duffield* has been undermined by subsequent Supreme Court authority. Further, to the extent that the district court relied on the "knowing waiver" requirement of *Prudential Insurance Co. v. Lai,* 42 F.3d 1299 (9th Cir.1994), our examination of the relevant contract reveals that the requirement was met as a matter of law. Finally, although we express no opinion as to the enforceability of particular provisions, we are unable to agree with the suggestion that illegal provisions so infected the contract as to render it invalid as a matter of federal law. *See Graham Oil Co. v. ARCO Prods. Co.,* 43 F.3d 1244, 1247–48 (9th Cir.1994) (as amended). Consequently, we must reverse the district court's order.

However, arbitration contracts, like other contracts, must meet the requirements of generally applicable state law. *Circuit City Stores, Inc. v. Adams,* 279 F.3d 889, 892 (9th Cir.2002); *Luce,* No. 00–57222, slip op. at 13010 n. 2, —— F.3d at ——, 2002 WL 2004340. Because the district court did not have the opportunity to pass

---

on the validity of these contracts under state law, we remand for its consideration of these questions in the first instance.

REVERSED and REMANDED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.